UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| VASONA MANAGEMENT, INC., <br>         Plaintiff, <br>    v. <br> SHARON HALL, <br>         Defendant. | Case No. 14-cv-05265-KAW <br><br> ORDER REASSIGNING CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DENY DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO REMAND TO STATE COURT <br><br> Dkt. No. 1 |
|---|---|

On December 1, 2014, Defendant Sharon Hall removed this unlawful detainer action from Alameda County Superior Court, and has applied to proceed with this lawsuit *in forma pauperis* ("IFP") pursuant to 20 U.S.C. § 1915.

As removal is clearly improper, and neither party has not consented to the undersigned, for the reasons set forth below, the Court reassigns this case to a district judge and recommends that Defendant's IFP application be denied and the case be remanded to state court.

**I. BACKGROUND**

Plaintiff Vasona Management, Inc. commenced this unlawful detainer action in Alameda County Superior Court on September 23, 2014. (Compl., Dkt. No. 1, Ex. A.) The complaint contains a single cause of action for unlawful detainer. *Id.* The case is a "limited civil case," as the amount demanded is less than $10,000. *See id.* Plaintiff seeks immediate possession of certain property located in San Leandro, which Defendant Sharon Hall currently occupies. (Compl. ¶¶ 2, 8.) Plaintiff also seeks damages of the unpaid rent in the sum of $1,475.00, and $49.17 per day from October 1, 2014 until it obtains possession, which it alleges is the reasonable value of the use and occupancy of the property. (Compl. at 3.)

On December 1, 2014, Defendant Sharon Hall removed the action to federal court on the

1  grounds that it presents a federal question because "Defendant's Demurrer, a pleading depend on
2  the determination of Defendant's rights and Plaintiff's duties under federal law." (Not. of
3  Removal ¶ 10, Dkt. No. 1.) Defendant also filed an application to proceed *in forma pauperis*.
4  (Dkt. No. 2.)

## II.  LEGAL STANDARD

Federal courts exercise limited jurisdiction. A "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed at the time the complaint was filed. *See* 28 U.S.C. § 1441(a). "[R]emoval statutes are strictly construed against removal." *Luther v. Countrywide Homes Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance," such that courts must resolve all doubts as to removability in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The burden of establishing that federal jurisdiction exists is on the party seeking removal. *See id.* at 566-67.

Federal district courts have original jurisdiction over actions that present a federal question or those based on diversity jurisdiction. *See Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 & n.2 (9th Cir. 2002). Federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that the basis for federal jurisdiction must appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983). "[A] case may not be removed to federal court on the basis of a federal defense . . . , even if the defense is anticipated in the plaintiff's complaint . . . ." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citation omitted).

///

## III. DISCUSSION

### A. Federal question jurisdiction

Defendant claims that a federal question exists based on a demurrer she filed in state court, which would result in "the determination of Defendant's rights and Plaintiff's duties under federal law." (Not. of Removal ¶ 10.) Defendant's rights in an unlawful detainer action depend on the interpretation of state law. Further, Defendant has not shown why the resolution of Plaintiff's unlawful detainer claim will turn on a substantial question of federal law. In fact, it seems that any such showing is unlikely, as Plaintiff is entitled to rental payments in accordance to the rental agreement, and, if Plaintiff does not pay, is entitled to initiate unlawful detainer proceedings. The complaint, therefore, fails to present a federal question or a substantial question of federal law.

Moreover, Defendant's vague assertions that a federal question exists to determine Defendant's rights and Plaintiff's duties does not alter this analysis. First, the well-pleaded complaint rule prevents the Court from considering any additional claims. *See Provincal Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). Second, Defendant appears to seek removal based on a demurrer that was filed rather than the initial complaint, and the district court does not provide appellate review of state trial court orders. Lastly, the limited scope of unlawful detainer proceedings precludes cross-complaints or counterclaims. *See Knowles v. Robinson*, 60 Cal. 2d 620, 626-27 (1963). Thus, to the extent that Defendant's assertions could be contained in any such filing, they would, nonetheless, fail to introduce a basis for federal question jurisdiction.

For these reasons, the Court finds that federal question jurisdiction does not exist in this case.

### B. Failure to Timely File Notice of Removal

Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading, or within thirty days after the service of summons upon the defendant, whichever is shorter. 28 U.S.C. § 1446(b). Here, the underlying state court pleading was filed on September 23, 2014. Defendant filed a demurrer in the state court action on October 8, 2014. (Dkt. No. 1 at 10.) The notice of removal was not filed

1  with this court until December 1, 2014, nearly two months after Defendant conclusively appeared
2  in the state court action, as evidenced by her filing a demurrer.  Therefore, the notice of removal is
3  untimely.  Moreover, even if the notice of removal was timely, as discussed above, subject matter
4  jurisdiction over the lawsuit does not exist to permit the district court to adjudicate the lawsuit.

### C. Denying Application to Proceed In Forma Pauperis

Plaintiff filed an application to proceed *in forma pauperis*, which the undersigned recommends be denied on the grounds that removal was improper. The district court may deny IFP status if federal subject matter jurisdiction is lacking or if the complaint is frivolous.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Where a complaint fails to state that any constitutional or statutory right was violated and fails to assert any basis for federal subject matter jurisdiction, there is no arguable basis in law under *Neitzke*, and the court may dismiss the complaint under 19 U.S.C. § 1915(e)(2)(B).  As provided above, the action was improperly removed from state court, and the federal district court lacks subject matter jurisdiction. *See* discussion *supra* Part III.A.

Additionally, Defendant inadvertently filed the wrong IFP application—she filled out the Administrative Office's generic short form rather than the application on the district's website (available online at *http://cand.uscourts.gov/civilforms*)— which prevents the court from conclusively determining whether she is financially eligible to proceed without the prepayment of fees.

Accordingly, the undersigned recommends that the IFP application be denied.

///
///
///
///
///
///
///

### IV. CONCLUSION

In light of the foregoing, the Court reassigns this action to a district judge with the recommendation that Defendant's application to proceed *in forma pauperis* be DENIED and the action be REMANDED to state court for further proceedings.

Any party may file objections to this report and recommendation with the district judge within 14 days of being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: December 9, 2014

KANDIS A. WESTMORE
United States Magistrate Judge